```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT


STEPHANIE POPPERWILL,              :
        Petitioner,                :
                                   :            PRISONER
     v.                            :   CASE NO. 3:11-cv-1071(DJS)
                                   :
MAUREEN BAIRD, et al.,             :
        Respondents.               :
```

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Stephanie Popperwill, an inmate confined at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"), brings this petition pursuant to 28 U.S.C. § 2241 challenging the denial of early release for completion of the residential drug abuse treatment program. The respondents argue that the petitioner is not entitled to early release. For the reasons that follow, the petition is denied.

**I.   Background**

In April 2006, the petitioner entered a guilty plea in the United States District Court for the Eastern District of Virginia on a charge of conspiracy to distribute and possession with intent to distribute methamphetamine. She received a two-point sentence enhancement for a crime involving the carrying, use or possession of a firearm. The petitioner is serving a term of imprisonment of 117 months.

While incarcerated at FCI Danbury, the petitioner sought participation in the Residential Drug Abuse Program ("RDAP").

Inmates who complete the RDAP may be eligible for early release. In October 2010, the Bureau of Prisons ("BOP") determined that the petitioner was not eligible for early release upon completion of the RDAP because she received a two-point sentence enhancement for a crime involving the carrying, use or possession of a firearm. BOP officials were not persuaded by the petitioner's argument that she did not carry, possess or use the firearm.

**II. Discussion**

The petitioner challenges a correctional decision regarding a prison program. Thus, she properly brings her petition pursuant to section 2241. *See Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).

The petitioner argues that she was improperly denied a one-year sentence reduction for completion of the RDAP. The respondents argue that the petition should be dismissed or denied. Although the respondents informed the petitioner of the requirements of a proper reply to their response to the petition, the petitioner has neither filed a memorandum nor sought additional time within which to do so.

Habeas relief is warranted when a prisoner is held in custody in violation of the United States Constitution or federal laws or treaties. *See* 28 U.S.C. § 2241(c)(3). The petitioner has identified no constitutionally protected or federally mandated right to early release. The federal statute creating

the RDAP provides that early release is discretionary.  *See* 18 U.S.C. § 3621(e)(2)(B) (providing that term of imprisonment of inmate convicted of nonviolent offense "may be reduced" by period of up to one year after successful completion of RDAP).  Thus, completion of the RDAP does not automatically entitle the petitioner to early release.  *See Lopez v. Davis*, 531 U.S. 230, 241 (2001) (upon completion of the RDAP, the BOP "has the authority, but not the duty," to authorize a reduction in the inmate's term of imprisonment).

Under 5 U.S.C. § 706(2)(A), a reviewing court must hold unlawful and set aside any agency action found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  This review, however, is narrow in scope.  The court should not substitute its judgment for that of the agency.  Rather, the court should uphold agency action if the agency has examined the relevant data and has either set forth a satisfactory explanation including a rational connection between the facts found and the choice made or such connection may reasonably be discerned.  *See Karpova v. Snow*, 497 F.3d 262, 267-68 (2d Cir. 2007) (citing *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

The early release qualifications for the RDAP are set forth in 28 C.F.R. § 550.55 ("the 2009 Rule") and BOP Program Statements 5331.02, Early Release Procedures Under 18 U.S.C. §

3621(e), and 5162.05, Categorization of Offenses. *See* www.bop.gov/DataSource/execute/dsPolicyLoc. To be eligible for early release, an inmate must not have a current felony conviction for an offense involving the carrying, use or possession of a firearm. 28 C.F.R. § 550.55(b)(5)(ii); *see also* Program Statement 5331.02 §§ 4, 5.

The petitioner states that earlier versions of the rule were struck down by the courts on various grounds and assumes that the current rule also is invalid. She ignores the fact that the Supreme Court has approved the BOP's interpretation of the regulation and Program Statements. In *Lopez v. Davis*, the Supreme Court upheld the constitutionality of 28 C.F.R. § 550.55 and the BOP's practice of categorically excluding inmates from eligibility for early release based on their preconviction conduct. 531 U.S. at 244. Further, although the Supreme Court did not address one challenge to a prior rule, i.e., that the rule had not been promulgated in compliance with the notice and comment provisions of the APA, the BOP has since addressed that concern.

The BOP denied early release to the petitioner under the categorical exclusion; her sentence enhancement for carrying, use or possession of a firearm rendered her ineligible for early release consideration. See Resp'ts' Mem. Ex. 2, Decl. of Irena Merk, ¶¶ 18-20. The petitioner has failed to show that the

denial of early release for completion of the RDAP was an abuse of discretion.  Accordingly, her petition must be denied.

### III. Conclusion

The petition for writ of habeas corpus [**Doc. #1**] is **DENIED**. The Clerk is directed to enter judgment and close this case.

The court concludes that the petitioner has not shown that she was denied a constitutionally or federally protected right. Thus, any appeal from this order would not be taken in good faith and a certificate of appealability will not issue.

**SO ORDERED** this 4th day of April, 2012 at Hartford, Connecticut.

\_\_\_\_/s/ DJS_____
            Dominic J. Squatrito
            United States District Judge